784

**Civil Action No. 8303.**

District Court of the United States for the District of Columbia.

March 19, 1942.

William A. Gallagher and Ellsworth L. McIntosh, Jr., both of Washington, D. C., for plaintiff.

Hugh H. Obear and G. Ridgely Sappington, both of Washington, D. C., for defendant.

MORRIS, Justice.

This is an action for absolute divorce on the ground of desertion. The parties to this cause were married September 21, 1921, after which they resided in Baltimore, Maryland. A son was born of the marriage on April 22, 1925. On February 28, 1936, a separation occurred, and the plaintiff established a domicile in the District of Columbia, since which time he has resided here. With the exception of the period in February, 1940, hereafter referred to, the defendant and the son have resided in Baltimore. This suit was filed September 10, 1940. Following numerous communications between the parties, they agreed to resume marital relations and live together as husband and wife in the District of Columbia and, for that purpose, on February 22, 1940, the defendant came to the District of Columbia and moved in the apartment of the plaintiff. There can be no doubt that the parties thus re-established full and complete marital relations. This re-established relation, however, again terminated after February 23, 1940, when a dispute occurred between the parties, and the defendant departed for Baltimore.

In these circumstances, it cannot be said that "the defendant * * * on or about the 28th day of February, 1936, did desert the said plaintiff, and that said desertion has continued until the date of the filing of this petition," as alleged in the complaint. Nor can it be said that such desertion was continuous for a period of more than two years next preceding the commencement of this suit, which, as construed without exception, so far as I know, by this Court, is required by the statute. D.C.Code 1940, § 16–403.

It is generally difficult enough to determine whether or not a separation resulting from a change of the husband's domicile constitutes desertion by a wife who, during such separation, does not live with him in the new home. The true character of this separation is rendered even more obscure when such separation comes to an end by a resumption of the marital relationship.

It is not necessary here to decide the effect of fraud practiced on one party by the other in the resumption of the marital relationship, as there is no basis upon which to conclude that such resumption here was fraudulent.

For the reasons stated, the complaint will be dismissed.